COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-297-CR
 
  
BRIAN 
K. COLLINS                                                                APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 396TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        In 
1998, Appellant Brian K. Collins was convicted of indecency with a child by 
exposure.[2]  In 2004, Appellant was charged with 
failing to comply with sex offender requirements related to the underlying 
conviction.[3]  After being admonished at the 
hearing on the charge for failing to register as a sex offender, Appellant pled 
guilty pursuant to a plea bargain and was sentenced to two years in the 
Institutional Division of the Texas Department of Criminal Justice.  The 
record reflects admonishments for a third-degree felony, and the judgment 
reflects a conviction and sentence for a third-degree felony.  As the State 
and Appellant point out, the trial judge, the prosecutor, and the defense 
attorney all mistakenly believed that Appellant was required to register as a 
sex offender for life and had committed a third-degree felony by failing to 
register.[4]  Because indecency with a child by 
exposure is not a sexually violent offense,[5] 
however, the period of registration is only ten years,[6] 
and the failure to register as a sex offender after conviction for indecency 
with a child by exposure is a state jail felony, not a third-degree felony.[7]
        The 
State and Appellant correctly agree that his conviction based on an involuntary 
plea and his void sentence should be reversed.  We therefore reverse the 
trial court’s judgment and remand this case to the trial court for a new 
trial.
    
                                                          LEE 
ANN DAUPHINOT
                                                          JUSTICE
  
   
PANEL 
B:   DAUPHINOT, WALKER, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 17, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See Tex. Penal Code Ann. § 
21.11(a)(2) (Vernon 2003).
3.  
See Tex. Code Crim. Proc. Ann. 
art. 62.10(a) (Vernon Supp. 2004-05).
4.  
See id. arts. 62.10(b)(2), 62.12(a)(1).
5.  
Id. art. 62.01(6).
6.  
Id. art. 62.12(b)(2).
7.  
Id. art. 62.10(b)(1).